**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4059**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DESMOND SIMPSON,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   Terrence W. Boyle, District Judge.  (7:13-cr-00131-BO-1)

Submitted:  July 25, 2016            Decided:  August 10, 2016

Before KING, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Laura S. Howard, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Desmond Simpson on four counts relating to the robbery of fast food delivery drivers on April 20 and April 25, 2012: two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012), and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). Following a jury trial, Simpson was convicted of the robbery and firearm charges pertaining to the April 25 robbery of a Papa John's Pizza ("Papa John's") delivery driver; he was acquitted of the charges pertaining to the April 20 robbery of a China Wok delivery driver. Simpson timely appealed, challenging the denial of his motions for a Franks* hearing, for dismissal of the indictment, and for judgment of acquittal pursuant to Fed. R. Crim. P. 29. For the reasons that follow, we affirm.

Turning first to the denial of Simpson's motion for a Franks hearing, we review the legal determinations underlying a district court's denial of a Franks hearing de novo, and its factual findings for clear error. United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). A defendant challenging the validity of a search warrant is entitled to a Franks hearing if he makes a preliminary showing that: "(1) the warrant affidavit

_____

* Franks v. Delaware, 438 U.S. 154 (1978).

2

contain[s] a 'deliberate falsehood' or statement made with 'reckless disregard for the truth' and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause." United States v. Fisher, 711 F.3d 460, 468 (4th Cir. 2013) (quoting Franks, 438 U.S. at 155-56). The defendant's preliminary "showing 'must be more than conclusory' and should include affidavits or other evidence to overcome the 'presumption of [the warrant's] validity.'" United States v. Clenney, 631 F.3d 658, 663 (4th Cir. 2011) (quoting Franks, 438 U.S. at 171; alteration in original).

Where a defendant challenges the validity of a warrant based "on an omission, rather than on a false affirmative statement," his "burden increases yet more." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). "[M]erely showing an intentional omission of a fact from a warrant affidavit does not fulfill Franks' requirements." Id. at 455. Rather, "[t]o satisfy the Franks' intentional or reckless falsity requirement for an omission, the defendant must show that facts were omitted 'with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading.'" Id. (quoting United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)).

Here, Simpson alleges that three key pieces of information were omitted from the search warrant affidavit: a physical description of Simpson that the magistrate judge could compare

3

to witness and victim descriptions of the suspect in each robbery; the fact that the China Wok delivery driver failed to identify Simpson from the photographic line-up; and the fact that the fingerprints lifted from a car stolen from the victim of a third, uncharged robbery did not match Simpson's fingerprints. Simpson argues that the omitted information undercuts the existence of probable cause, but he does not allege, much less establish that the information was deliberately omitted or omitted with reckless disregard for whether the omissions rendered the affidavit misleading. We agree with the district court that the omissions, at most, amounted to negligence, which does not justify a Franks hearing. Tate, 524 F.3d at 454. Moreover, we conclude that the omissions were not material.

For an omission from a warrant affidavit to be "material" and therefore justify a Franks hearing, the

> omission must do more than potentially affect the probable cause determination: it must be "necessary to the finding of probable cause." . . . For an omission to serve as a basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause. . . . Omitted information that is potentially relevant but not dispositive is not enough to warrant a Franks hearing.

Colkley, 899 F.2d at 301. Our review of the record convinces us that the omitted information would not have defeated probable cause. Even if this information had been included, a practical,

4

common sense consideration of the circumstances set out in the affidavit — particularly Simpson's connection to the cell phone used to place the delivery orders preceding the robberies — created a fair probability that Simpson's DNA would match that found on items recovered from the crime scene. Illinois v. Gates, 462 U.S. 213, 238 (1983). Accordingly, we conclude that the district court did not err in denying the motion for a Franks hearing.

Next, Simpson argues that the district court erred by denying his motion to dismiss the indictment under the Hobbs Act, 18 U.S.C. § 1951 (2012), for lack of federal jurisdiction, and that his prosecution violated the Tenth Amendment because it criminalized a matter reserved to the States. In reviewing the denial of a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005).

To establish robbery in violation of the Hobbs Act, the Government must prove:

> (1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.

5

United States v. Reed, 780 F.3d 260, 271 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 112, 113, 167 (2015). The jurisdictional element of Hobbs Act robbery requires that the Government merely prove a minimal effect on interstate commerce. United States v. Tillery, 702 F.3d 170, 174 (4th Cir. 2012); see Taylor v. United States, 136 S. Ct. 2074, 2079 (2016) (noting that Congress can regulate activities that "substantially affect interstate commerce in the aggregate, even if their individual impact on interstate commerce is minimal").

Simpson does not dispute that China Wok and Papa John's are businesses engaged in interstate commerce, but argues that, because no products sold by the restaurants were taken and only a small amount of money was stolen, the robberies did not affect interstate commerce. We disagree.

Although the delivery drivers were not physically within their employers' places of business, they were performing tasks within the scope of employment when they were robbed, and the robber stole proceeds of the businesses. Furthermore, as the Government notes, the drivers were targeted because they worked for those businesses. The stolen cash, albeit small sums, depleted the assets of the restaurants. Thus, the robberies had the requisite minimal effect on interstate commerce to establish federal subject matter jurisdiction.

6

Relying on Bond v. United States, 134 S. Ct. 2077 (2014), Simpson also asserts that his federal prosecution for the robberies violated the Tenth Amendment by criminalizing matters reserved to the States. In Bond, the Supreme Court held that the Chemical Weapons Convention Implementation Act ("CWCIA") did not reach the purely local crime of simple assault. The Supreme Court stated that, "[b]ecause our constitutional structure leaves local criminal activity primarily to the States," courts "generally decline[] to read federal law as intruding on that responsibility, unless Congress has clearly indicated that the law should have such reach." Id. at 2083.

Unlike the CWCIA, the Hobbs Act "manifest[s] a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." Stirone v. United States, 361 U.S. 212, 215 (1960); see United States v. Culbert, 435 U.S. 371, 379-80 (1978) (discussing Hobbs Act and noting that although already punishable under state law, "Congress apparently believed . . . that the States had not been effectively prosecuting robbery and extortion affecting interstate commerce and that the Federal Government had an obligation to do so"). We conclude that the district court did not err in denying Simpson's motion to dismiss the indictment.

Finally, Simpson argues that the district court erred by denying his Fed. R. Crim. P. 29 motion, claiming that the evidence was insufficient to show the robberies affected interstate commerce. His argument is identical to the one pertaining to his motion to dismiss and fails for the same reasons.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED